# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SCF RC Funding I, LLC, a Delaware limited liability company, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| AFG MBS, LLC, a Georgia limited liability company, | ) Case No. ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff SCF RC Funding I, LLC, by and through its attorneys, and for its Complaint against Defendant AFG MBS, LLC hereby alleges as follows:

## PARTIES

1. SCF RC Funding I, LLC is a Delaware limited liability company with its principal place of business in Princeton, New Jersey. Plaintiff consists of its sole member, Essential Properties, L.P., a Delaware limited partnership. The following are the partners of Essential Properties, L.P.: Essential Properties OP G.P., LLC; Essential Properties Realty Trust, Inc.; Chama Punlertpathanakon, a citizen of New Jersey; Peter Mavoides, a citizen of New Jersey; and David Fate, a citizen of Texas. Essential Properties OP G.P., LLC consists of its sole member Essential Properties

Realty Trust, Inc.  Essential Properties Realty Trust, Inc. is a Maryland corporation with its principal place of business in Maryland.

2. Defendant AFG MBS, LLC, is a Wisconsin limited liability company. On information and belief, all of AFG MBS, LLC's members are citizens of Georgia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the parties and claims pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because the Defendant is a citizen of the State of Georgia, and upon information and belief, the Defendant's principal place of business is in the State of Georgia.

5. Venue is proper in this Court because Defendant resides within the State of Georgia, and two of the seven leased premises related to this dispute are located in the State of Georgia.

## GENERAL ALLEGATIONS

**A.    The Amended Master Lease**

6. On or about December 13, 2019, SCF RC Funding I, LLC ("Lessor"), and AFG MSB, LLC ("Lessee"), entered into that certain Amended and Restated Lease Agreement (the "Master Lease") for the properties located at 907 Providence

Blvd., Clarkesville, TN ("Clarksville Property"); 6130 Western Ave., Knoxville, TN ("Knoxville Property"); 445 Forrest Parkway, Forest Park, GA ("Forest Park Property"); 2100 S. Pine Ave., Ocala, FL ("Ocala Property"); 6601 Old Cheney Hwy, Orlando, FL ("Orlando Property"); 5653 Mt. Moriah Road, Memphis, TN ("Memphis Property"); 3440 South Cobb Drive, Smyrna, GA ("Smyrna Property"); 505 North 17-92 Highway, Longwood, FL ("Longwood Property"); and 1560 Highway 85 N, Fayetteville, GA ("Fayetteville Property", together with the Clarksville Property; the Knoxville Property; the Forest Park Property; the Ocala Property; the Orlando Property; the Longwood Property; and the Fayetteville Property, the "Properties").

7.      On or about December 13, 2019, the Lessor and the Lessee entered into that certain First Amendment to Amended and Restated Master Lease Agreement (the "First Amendment") whereby the parties agreed to remove the Smyrna Property from the Master Lease.

8.      On or about July 17, 2020, the Lessor and the Lessee entered into that certain Second Amendment to Amended and Restated Master Lease Agreement (the "Second Amendment", together with the Master Lease and the First Amendment, the "Amended Master Lease") whereby the parties agreed to remove the Memphis Property from the Master Lease.

### B. The Amended Master Lease Provisions

9. Pursuant to the Amended Master Lease, Lessee agreed to, among other things, pay an annual minimum rent for the remaining leased Properties in the amount of Six Hundred Sixty-Five Thousand and 22/100 Dollars ($665,000.22) beginning in August 2020.

10. The Amended Master Lease also provides that that minimum rent would increase on the first day of each subsequent August to an amount equal to 101.4% of the preceding year's minimum rent.

11. The Lessee agreed to pay the minimum rent in twelve (12) equal payments, in advance of the first day of each month.

12. Pursuant to the Amended Master Lease, the Lessee is also responsible for paying certain Additional Rent, as defined by the Amended Master Lease.

13. The Lessee agreed that, in the event it failed to pay Rent due under the Amended Master Lease, it would pay a default interest rate equal to the higher of fifteen percent (15) or five percent (5%) in excess of the annual interest rate as published in the Wall Street Journal in the column entitled "Money Rate."

14. Under the Amended Master Lease, the parties agreed that a failure by the Lessee to make any payment on the due date, regardless of the reason for such failure, is an Event of Default.

15. The Amended Master Lease further provides that upon the occurrence of an Event of Default, the Lessor shall have the right, at its sole option, then or at any time thereafter, to terminate the lease, whereupon the Lessee's right to possession of the Properties shall cease and the Amended Master Lease, except as to Lessee's liabilities, shall be terminated.

16. Further, the Lessee agreed that an Event of Default, the Lessor can recover all Rent due and owing and scheduled to become due and owing under this Amended Master Lease both before and after the date of such breach for the entire term, discounted to present value at a discount rate of seven percent (7%), less mitigation.

### C. The Default

17. Lessee has failed to pay Lessor certain amounts due under the Amended Master Lease.

18. Pursuant to the Amended Master Lease, Lessee's failure to pay rent constitutes an Event of Default.

19. Lessor provided notice to the Lessee and the Guarantors (as defined below) of the Event of Default occurring and existing under the Amended Master Lease on December 2, 2020.

20. On or about January 1, 2021, Lessor terminated the Amended Master Lease, whereby the Lessee's right to possession ceased.

21. Pursuant to the certain Amended Master Lease, Lessor's termination of the Amended Master Lease did not terminate the Lessee's liabilities under the lease.

22. As of the date of this filing, $392,191.20, consisting of unpaid rent and taxes, is currently due and owing by Lessee to Lessor under the terms of the Amended Master Lease.

23. There is a total of $9,762,876.51 due under the Master Lease Agreement. Pursuant to the Master Lease Agreement, the Lessor agreed to discount the present value of the amounts owed under the Master Lease Agreement by seven percent (7%). Therefore, the Lessee is liable for $9,079,475.15 under the Amended Master Lease, not including interest or attorneys' fees and costs.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

24. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

25. Lessee and Lessor are parties to a valid, enforceable contract—the Amended Master Lease.

26. The Amended Master Lease provides that Lessor will provide commercial property to be leased to Lessee in exchange for rental and monetary obligations Lessee would pay to Lessor, along with other obligations under the Amended Master Lease.

27. Lessee failed to pay Rent (as that term is defined in the Amended Master Lease).

28. Lessee's failure to pay Rent constitutes an Event of Default under the Amended Master Lease.

29. As a reasonable and foreseeable consequence of Lessee's breach of the Amended Master Lease, Lessor has suffered damages in an amount to be proved at trial, but in no event less than $9,079,475.15, plus an interest rate of at least 15%, and reasonable attorneys' fees and costs incurred by Lessor in the enforcement of its rights under the Amended Master Lease pursuant to the Amended Master Lease.

## SECOND CAUSE OF ACTION

**(Breach of the Duty of Good Faith and Fair Dealing)**

30. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

31. The Amended Master Lease is a valid contract to which Lessor and Lessee are parties.

32. The Amended Master Lease is governed by the laws of the "State".

33. The Amended Master Lease defines "State" as the state in which a given Property is located.

34. The Properties are located in Florida, Georgia, and Tennessee.

35. Florida law implies a duty of good faith and fair dealing into all contracts, including the Amended Master Lease.

36. Georgia law implies a duty of good faith and fair dealing into all contracts, including the Amended Master Lease.

37. Tennessee law implies a duty of good faith and fair dealing into all contracts, including the Amended Master Lease.

38. Pursuant to the Amended Master Lease, Lessee owes a duty of good faith and fair dealing to Lessor.

39. This duty requires Lessee to refrain from doing anything that prevents any other party to the Amended Master Lease from receiving the benefits of the contract.

40. By the acts set forth herein, including, but not limited to, Lessee's failure to pay Rent (as that term is defined in the Amended Master Lease) to Lessor, Lessee and has breached its duty of good faith and fair dealing.

41. As a direct and proximate result of Lessee's breach of the duty of good faith and fair dealing, Lessor sustained damages in an amount to be proved at trial, but in no even less than $9,079,475.15.

42. As this cause of action arises out of the Amended Master Lease, Lessor is entitled to, and Lessee is liable for, reasonable attorneys' fees pursuant to the contract.

## ATTORNEYS' FEES AND COSTS

43. Plaintiff is entitled to attorneys' fees and costs expended in enforcing its rights and in prosecuting this action, pursuant to the Amended Master Lease.

## CONDITIONS PRECEDENT

44. All conditions precedent have been performed, satisfied, have occurred or have been waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SCF RC Funding I, LLC, requests that judgment be entered as follows:

A. Finding that Defendant AFG MBS, LLC is in breach of the Amended Master Lease;

B. Alternatively, finding that Defendant AFG MBS, LLC is in breach of the covenant of good faith and fair dealing;

C.   For an award of all damages Plaintiff has incurred as a result of Defendant AFG MBS, LLC's breach of the Amended Master Lease;

D.   Alternatively, for an award of all damages Plaintiff has incurred as a result of Defendant's breach of its duty of good faith and fair dealing;

E.   That judgment be entered in favor of Plaintiff for no less than $9,079,475.15 plus pre and post-judgment interest;

F.   That the Court grant Plaintiff its reasonable attorneys' fees and costs pursuant to the Amended Master Lease;

G.   For any other relief the Court deems appropriate.

Submitted this 15th day of April, 2021.

By: /s/ *Christine R. Emello*
Christine R. Emello
GA Bar No. 151598
Ballard Spahr LLP
999 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
Telephone:  678-420-9379
Facsimile:   678-420-9301
emelloc@ballardspahr.com

*Attorney for Plaintiff SCF RC Funding I, LLC.*